**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DOUGLAS CARL and MARY CARL,

    Plaintiffs,                                             Case No. 11-11255

vs.                                                      Hon. Gerald E. Rosen

BAC HOME LOANS SERVICING, LP,

    Defendant.
_____/

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on         July 27, 2011        

PRESENT: Honorable Gerald E. Rosen
                          Chief Judge, United States District Court

## I. INTRODUCTION

In this case, Plaintiffs Douglas and Mary Carl have asserted a variety of state-law claims against Defendant BAC Home Loans Servicing, LP, the current holder of the mortgage on their home and the purchaser of the home at a sheriff's foreclosure sale, complaining principally that Defendant failed to properly engage in a mortgage loan modification process established under Michigan law. This matter presently is before the Court on Defendant's motion to dismiss Plaintiff's complaint for failure to state a claim. Plaintiffs have filed a response in opposition to Defendant's motion, and Defendant has submitted a reply in further support of its motion. Having reviewed and considered the

parties' briefs and supporting evidence, the Court has determined that oral argument is not necessary. Accordingly, pursuant to Local Rule 7.1(f)(2) of this District, this matter will be decided on the briefs. This opinion and order sets forth the Court's rulings on Defendant's motion.

## II. FACTUAL BACKGROUND

In 2007, Plaintiffs Douglas and Mary Carl obtained a loan in the amount of $248,000 from America's Wholesale Lender,[1] in order to finance their purchase of a residence located at 57058 Werderman Road in Lenox Township, Michigan. Non-party Mortgage Electronic Registration Systems, Inc. ("MERS") was identified as the mortgagee in this transaction, "acting solely as a nominee" for America's Wholesale Lender and its "successors and assigns." (Defendant's Motion, Ex. A, Mortgage at 1.) The mortgage was recorded on March 8, 2007, and then assigned to Defendant BAC Home Loans Servicing, LP on July 30, 2010. This assignment was recorded on August 13, 2010.

In 2009, Plaintiffs experienced financial difficulties and failed to make one or more payments on their mortgage. Defendant commenced foreclosure by advertisement proceedings, and purchased the property at an October 1, 2010 sheriff's sale for $289,116.29.

On March 11, 2011, Plaintiffs filed a complaint against Defendant in Macomb

---

[1] In its motion, Defendant identifies the lender as Countrywide Bank, N.A., but the mortgage documentation accompanying the motion names America's Wholesale Lender as the lender. (*See* Defendant's Motion, Ex. A, Mortgage at 1.)

County Circuit Court, asserting claims of (1) quiet title, (2) innocent/negligent misrepresentation, (3) fraud, (4) breach of a Michigan statute, Mich. Comp. Laws § 600.3205c, that establishes a process for mortgage loan modification, and (5) deceptive acts and/or unfair practices.  On March 29, 2011, Defendant removed the case to this Court, citing the parties' diverse citizenship.[2]  Defendant now seeks the dismissal of each of the claims asserted in Plaintiffs' complaint.

### III.  ANALYSIS

**A.    The Standards Governing Defendant's Motion**

Through the present motion, Defendant seeks the dismissal of Plaintiffs' complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.[3]  When considering a motion brought under Rule 12(b)(6), the Court must

---

[2]Prior to removal, Plaintiff obtained a preliminary injunction from the state court that operated to toll the expiration of the redemption period for Plaintiffs to reacquire their property.

[3]In support of its motion, Defendant has submitted exhibits that extend beyond the four corners of Plaintiffs' complaint and accompanying exhibits.  While the Court's consideration of these additional materials ordinarily would dictate that Defendant's motion be "treated as one for summary judgment under Rule 56," Fed. R. Civ. P. 12(d), such conversion is not required if Defendant's exhibits may fairly be considered "part of the pleadings" – that is, if "they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim."  *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (internal quotation marks and citation omitted).  In this case, the exhibits proffered by Defendant are documents that were exchanged between Plaintiffs and their lenders at the time of the mortgage transaction and foreclosure proceedings giving rise to Plaintiffs' claims, and the disclosures (or lack thereof) made by the lenders on these occasions feature centrally in the claims asserted in Plaintiffs' complaint.  Consequently, to the extent that the Court deems it necessary to consider these exhibits in resolving the pending motion, the Court may do so without treating this motion as seeking summary judgment under Rule 56.  Nonetheless, the Court need not dwell on this issue, because the challenges raised in Defendant's motion may be resolved by resort to the pleadings alone.

construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). Yet, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (internal quotation marks, alteration, and citations omitted). Rather, to withstand a motion to dismiss, the complaint's factual allegations, accepted as true, "must be enough to raise a right to relief above the speculative level," and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. at 1965, 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

**B.     The Claims Asserted in Counts I Through III of the Complaint Are Barred by the Statute of Frauds.**

Count I of Plaintiffs' complaint asserts a claim of quiet title, based upon allegations that Defendant took actions intended to preclude Plaintiffs from securing a loan modification that would enable them to remain in their home. (*See* Complaint at ¶¶ 25-

28.) Similarly, in count II of the complaint, Plaintiffs allege that Defendant "made innocent and/or negligent representations of material facts by promising or representing that Defendant would give a Loan Modification so that the Plaintiffs could remain in their home." (*Id.* at ¶ 30.) Likewise, the claim of fraud asserted in count III of the complaint rests upon allegations that Defendant deceived Plaintiffs by purporting to engage in a loan modification process while concealing its true intention to pursue foreclosure proceedings. (*See id.* at ¶¶ 36-40.) In seeking the dismissal of these three counts, Defendant argues that each of these claims is barred by the applicable Michigan statute of frauds, where Plaintiffs do not identify — or even allege the existence of — any signed writing in which Defendant promised to modify the terms of Plaintiffs' loan or delay the commencement of foreclosure proceedings. The Court agrees.

Michigan's statute of frauds bars certain sorts of claims against a financial institution without a signed writing to substantiate these claims. In particular, the relevant statutory provision states that "[a]n action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution." Mich. Comp. Laws § 566.132(2). The statute then identifies a "promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan," Mich. Comp. Laws § 566.132(2)(b), and a "promise or commitment to waive a provision of a loan," Mich. Comp. Laws § 566.132(2)(c), as two such categories of promises or commitments that must be embodied in a signed

writing in order to be enforceable against a financial institution. As the Michigan Court of Appeals has observed, this statute "plainly states that a party is precluded from bringing a claim — no matter its label — against a financial institution to enforce the terms of an oral promise to waive a loan provision." *Crown Technology Park v. D&N Bank, FSB,* 242 Mich. App. 538, 619 N.W.2d 66, 72 (2000).

In this case, each of the claims asserted in counts I through III of the complaint rests upon promises or assurances allegedly made by Defendant regarding modification of Plaintiffs' loan or forbearance in Defendant's pursuit of its available remedies following Plaintiffs' default on their loan obligations. The above-cited statutory provisions make clear that such promises and assurances cannot be enforced against a financial institution absent a signed writing evidencing the institution's promise or commitment.[4] Yet, Plaintiffs do not allege the existence of such a signed writing in their complaint, nor do they identify one in their response to Defendant's motion. Indeed, Plaintiffs do not even address Defendant's statute of frauds challenge in their response to Defendant's motion, much less suggest how their claims might survive this challenge.

As Defendant points out in its motion, several other courts in this District have dismissed claims that are essentially identical to those asserted by Plaintiffs here on the ground that these theories of recovery were foreclosed by the Michigan statute of frauds.

---

[4]Defendant states without contradiction in its motion that it is a subsidiary of Bank of America, a national financial institution, and thus qualifies as a "financial institution" within the meaning of the Michigan statute.

6

In *Williams v. JP Morgan Mortgage Acquisition Corp.,* No. 09-12106, 2010 WL 1052356, at *3-*4 (E.D. Mich. Mar. 19, 2010), for example, the court held that the plaintiffs' claims of quiet title, unjust enrichment, misrepresentation, and breach of an implied agreement to modify a mortgage loan were barred by § 566.132(2) for lack of a signed writing evidencing the defendant financial institution's promise to modify the plaintiffs' loan or delay a sheriff's sale. At least two other courts in this District have reached the same conclusion under materially indistinguishable facts and allegations. *See Smith v. Bank of America Corp.,* No. 10-14161, 2011 WL 653642, at *3 & n.3 (E.D. Mich. Feb. 14, 2011); *Bingham v. Bank of America, N.A.,* No. 10-11917, 2010 WL 3633925, at *2-*3 (E.D. Mich. Sept. 14, 2010).[5] In accordance with this uniform weight of authority and the plain language of the Michigan statute of frauds, the claims asserted in counts I, II, and III of Plaintiff's complaint are subject to dismissal.

### C. Plaintiffs Have Failed to State a Viable Claim Under Mich. Comp. Laws § 600.3205c.

In support of the claim asserted in count IV of their complaint, Plaintiffs allege that Defendant failed to properly comply with a loan modification process established under Michigan law. Specifically, Plaintiffs allege that Defendant violated Mich. Comp. Laws § 600.3205c, which provides in pertinent part:

> If a borrower has contacted a housing counselor under section 3205b

---

[5] A common feature in each of these three cases, apart from nearly identical theories of recovery based upon essentially the same allegations, is that the plaintiffs in each case were represented by the same attorney who is serving as Plaintiffs' counsel here, Darwyn P. Fair.

>but the process has not resulted in an agreement to modify the mortgage loan, the person designated under section 3205a(1)(c) shall work with the borrower to determine whether the borrower qualifies for a loan modification.

Mich. Comp. Laws § 600.3205c(1). If it is determined through this process that a borrower is eligible for a loan modification, the mortgage holder or servicer may not pursue foreclosure by advertisement unless it offers the borrower a modification agreement and the borrower fails to accept it within 14 days. *See* Mich. Comp. Laws § 600.3205c(7). If the mortgage holder or servicer nonetheless commences foreclosure proceedings in violation of this statute, the borrower may bring suit to "convert the foreclosure proceeding to a judicial foreclosure." Mich. Comp. Laws § 600.3205c(8).

Plaintiffs have failed to allege facts that, if proven, would establish Defendant's breach of this Michigan statute. Under the express language of the statute, Defendant's obligation to participate in the loan modification process would arise only after Plaintiffs "contacted a housing counselor under [§ 600.3205b]" and this contact failed to "result[] in an agreement to modify the mortgage loan." Mich. Comp. Laws § 600.3205c(1). Yet, Plaintiffs do not allege in their complaint that they contacted a housing counselor in accordance with § 600.3205b, nor that they failed to secure a loan modification agreement as a result of this requisite contact. Likewise, Plaintiffs' response to Defendant's motion is utterly silent on this question, providing no basis to believe that Plaintiffs could supply the requisite allegation of contact with a housing counselor if given an opportunity to amend their complaint. Because Plaintiffs have failed to allege that they pursued the process

8

outlined in the Michigan statute, they cannot state a viable claim that Defendant violated this statute.  It follows that count IV of the complaint must be dismissed.

**D.     Plaintiffs Have Failed to Plead with Particularity Any Deceptive Acts or Unfair Practices That Could Support Their Claim in Count V of the Complaint.**

In support of their claim in count V of the complaint, Plaintiffs allege that Defendant engaged in deceptive acts or unfair practices.  In particular, Plaintiffs allege "upon information and belief" that affidavits and other documents pertaining to the foreclosure process "may have been signed by persons who did not have personal knowledge of the facts asserted in the documents," and that affidavits "may have been signed outside of the presence of a notary public, contrary to state law."  (Complaint at ¶¶ 49-50.)  In seeking the dismissal of this claim, Defendant argues, among other things, that Plaintiffs' complaint fails to provide the requisite notice of the specific deceptive acts or unfair practices in which Defendant allegedly engaged.  The Court agrees.

The Federal Rules of Civil Procedure mandate that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  To meet this requirement, a plaintiff's complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."  *Louisiana School Employees' Retirement System v. Ernst & Young, LLP,* 622 F.3d 471, 478 (6th Cir. 2010) (internal quotation marks and citation omitted).  A plaintiff must, at a minimum, "allege the time, place and contents of the misrepresentations upon

9

which they relied." *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008). "The threshold test is whether the complaint places the defendant on sufficient notice of the misrepresentation, allowing the defendants to answer, addressing in an informed way plaintiffs['] claim of fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 162 (6th Cir. 1993) (internal quotation marks, alteration, and citation omitted).

In this case, Plaintiffs' complaint fails to provide sufficient information to put Defendant on notice of its allegedly deceptive acts or unfair practices. The complaint does not identify any specific documents, any particular statements within these offending documents, who signed those documents, or when or where they were produced in the course of the foreclosure proceedings. Indeed, Plaintiffs notably fail to explicitly aver that Defendant actually produced documents with false or misleading information, but allege only "upon information and belief" that Defendant "may have" done so. (Complaint at ¶¶ 48-49.) Nor do Plaintiffs indicate how they might have been misled or deceived by any statements in these (unidentified) documents. Finally, and predictably, Plaintiffs do not address these evident deficiencies in their response to Defendant's motion, thus providing no basis to believe that they could cure these defects in an amended pleading. In light of this lack of the requisite notice or specificity mandated under the Federal Rules, count V of the complaint is dismissed.[6]

---

[6]It is worth noting that the Court has now dismissed each of the counts of Plaintiffs' complaint on essentially the same grounds — namely, that the complaint lacks allegations as to one or more of the elements needed to establish Plaintiffs' entitlement to relief under the theories of recovery they are pursuing. Under these circumstances, the Court ordinarily would afford Plaintiffs the opportunity to amend their complaint to supply the requisite allegations. Yet, in

E.  **The Recent Michigan Court of Appeals Decision in *Residential Funding Co., LLC v. Saurman* Provides No Basis for Relief in This Case.**

Finally, while Plaintiffs' response brief largely fails to address the particular challenges raised in Defendant's motion, Plaintiffs instead have elected to pursue an issue *not* raised in this motion, based upon a recent decision by the Michigan Court of Appeals in *Residential Funding Co., LLC v. Saurman*, No. 290248, 2011 WL 1516819 (Mich. Ct. App. Apr. 21, 2011). In Plaintiffs' view, this ruling casts doubt on the legality of the foreclosure proceedings commenced by Defendant against their property. Yet, as Defendant observes, Plaintiffs' underlying complaint includes no claim contesting Defendant's authority or eligibility to pursue foreclosure by advertisement, nor have Plaintiffs sought leave to amend their complaint to add such a claim. Nonetheless, the Court finds it unnecessary to decide whether Plaintiffs have forfeited their opportunity to assert such a claim, because the decision in *Saurman* is unavailing to Plaintiffs in any event.

In *Saurman,* 2011 WL 1516819, at *__, the Michigan Court of Appeals held that the Mortgage Electronic Registration System ("MERS") could not pursue foreclosure by advertisement because it did not have the requisite interest in the indebtedness secured by the underlying mortgage that Michigan law demands for this method of foreclosure. As

---

their response to Defendant's motion, Plaintiffs have utterly failed to suggest that they could make allegations sufficient to rescue their claims from dismissal, nor have they requested an opportunity to amend their complaint, despite ample opportunity to do so. Accordingly, any invitation to amend would surely be futile.

Defendant observes, *Saurman* is inapposite here. The foreclosure proceedings in this case were instituted by Defendant, not MERS. The same Michigan statute relied upon in *Saurman* to conclude that MERS **lacked** the requisite interest to pursue foreclosure by advertisement expressly provides that the "servicing agent of the mortgage" **may** pursue foreclosure by advertisement. *See* Mich. Comp. Laws § 600.3201(1)(d). Defendant states without contradiction that it is the servicing agent of Plaintiffs' mortgage. Consequently, the court's ruling in *Saurman* as to MERS's ability to pursue foreclosure by advertisement has no bearing on Defendant's ability here to proceed via this method of foreclosure. *See Williams v. U.S. Bank National Association*, No. 10-14967, 2011 WL 2293260, at *1 (E.D. Mich. June 9, 2011) (distinguishing *Saurman* on the ground that the defendant financial institution, and not MERS, had instituted foreclosure proceedings against the plaintiffs' property). Plaintiffs' appeal to *Saurman,* therefore, has no merit.

## IV. CONCLUSION

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's April 26, 2011 motion to dismiss (docket #6) is GRANTED. In addition, because each of the claims and theories of recovery advanced by Plaintiffs is subject to dismissal, IT IS FURTHER ORDERED that the preliminary injunction entered by the state court prior to the removal of this action to this Court is DISSOLVED.


                                        s/Gerald E. Rosen  
                                        Chief Judge, United States District Court

Dated: July 27, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 27, 2011, by electronic and/or ordinary mail.

                                        s/Ruth A. Gunther  
                                        Case Manager